UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE MOORE,

        Plaintiff,                                Hon. Janet T. Neff

v.                                               Case No. 1:11-cv-607

HAROLD F. CLOSZ, III,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action against the Honorable Harold F. Closz, III. The Honorable Janet T. Neff subsequently referred the matter to the undersigned for "handling of all matters under [28 U.S.C.] § 636(a) and 636(b)(1)(A) and for submission of recommendations on dispositive motions under § 636(b)(1)(B)." Defendant now moves to dismiss Plaintiff's complaint. (Dkt. #6). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and this action **terminated**.

## BACKGROUND

Plaintiff asserts that he brought a small claims action in 60th Judicial District Court in Muskegon County which was heard by the Honorable Harold F. Closz, III. Unsatisfied with the outcome in state court, Plaintiff asks this Court to order that his case "be heard out of the Muskegon County 60th Judicial District" and instead "be heard in a high court." Judge Closz moves to dismiss Plaintiff's complaint on the ground that Plaintiff has failed to state a claim on which relief may be

granted. (Dkt. #5). For the reasons articulated below, the undersigned recommends that Judge Closz's motion be **granted** and this action **terminated**.

## **LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

As the Supreme Court recently stated, a motion to dismiss will be denied only where the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S.Ct. 1937, 1949 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim

> for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 1949-50 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also*, *Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

## **ANALYSIS**

Plaintiff's complaint is subject to dismissal for at least two reasons: (1) Judge Closz enjoys absolute judicial immunity, and (2) this Court lacks jurisdiction over Plaintiff's claim.

1.    Judicial Immunity

Plaintiff is clearly challenging actions taken by Judge Closz in his capacity as a judicial officer. To the extent, therefore, that Plaintiff is seeking relief from Judge Closz, the undersigned recommends that such claim be dismissed as Judge Closz enjoys absolute judicial immunity for actions taken in his capacity as a judge. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir. 2001).

2.    Rooker-Feldman

Unlike state courts, which are courts of general jurisdiction, the federal courts are courts of limited jurisdiction. A significant limitation upon the jurisdiction of the federal district courts is that such courts are precluded from reviewing judgments of the state courts. As the Supreme Court has long recognized, the jurisdiction of the federal district courts is "strictly original" and, therefore, only the United States Supreme Court can "entertain a proceeding to reverse or modify" a judgment entered by a state court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Accordingly, to the extent Plaintiff is challenging the outcome of the aforementioned state court action, the undersigned recommends that Plaintiff's claim be denied as this Court lacks jurisdiction over such claims.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendant's Motion to Dismiss</u>, (dkt. #5), be **granted** and this action **terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                            Respectfully submitted,

Date:  November 29, 2011                      /s/ Ellen S. Carmody  
                                            ELLEN S. CARMODY  
                                            United States Magistrate Judge